1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE DISTRICT OF ARIZONA**

8

9    Daniel T Doria,                          No. CV-25-08215-PCT-KML

10              Plaintiff,                      **ORDER**

11   v.

12   Arizona Board of Regents,

13              Defendant.

14

15        Plaintiff Daniel T. Doria believes defendant the Arizona Board of Regents

16   ("ABOR") violated the Lanham Act and the First and Fourteenth Amendment when it

17   issued "deceptive public statements advertising 'free tuition' for low-income students."

18   (Doc. 1 at 2.) ABOR is an arm of the state that cannot be sued in federal court. And even

19   assuming Doria had named proper defendants, he is not a competitor in the field of higher

20   education so he cannot sue under the Lanham Act and it does not violate Doria's

21   constitutional rights for a state actor to issue the allegedly-false statements Doria identified.

22   Doria's complaint is dismissed without leave to amend.

23        Doria filed an application to proceed in forma pauperis. (Doc. 2.) That application

24   is granted, which allows the court to review the complaint to determine whether Doria has

25   stated any claim for relief. 28 U.S.C. § 1915(e)(2). He has not.

26        Doria alleges ABOR "governs Northern Arizona University and is responsible for

27   the institution's public advertising and communication practices." (Doc. 1 at 3.) In 2024,

28   Doria complained to NAU and ABOR "that NAU's claim of 'free tuition' for families

1    under $65,000 was false and misleading." (Doc. 1 at 3.) NAU allegedly modified its

2    marketing in response to that complaint. But in 2025, Doria discovered "NAU had

3    reinstated identical or substantially similar 'tuition-free' claims" online and in other

4    advertisements. (Doc. 1 at 3.) Doria alleges it is "materially false" for NAU to make these

5    "free tuition" representations because there are "mandatory fees and other costs" that must

6    be paid. (Doc. 1 at 3.)

7        Based on the "free tuition" representations, Doria alleges a claim under the Lanham

8    Act for "false advertising." (Doc. 1 at 4.) Doria also alleges a claim under 42 U.S.C. § 1983

9    for violations of the First and Fourteenth Amendments. According to Doria, the "free

10   tuition" representations "interfere[] with due process and the public's right to rely on

11   truthful information from the State." (Doc. 1 at 5.) Doria seeks only declaratory and

12   injunctive relief. (Doc. 1 at 6.)

13       "ABOR is an arm of the State of Arizona for Eleventh Amendment purposes."

14   *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016).

15   "Accordingly, the Eleventh Amendment bars any claim . . . for retrospective relief,

16   including money damages, against ABOR." *Id.* at 865. Doria concedes ABOR is not a

17   proper defendant for purposes of retrospective relief but he states he "seeks prospective

18   injunctive and declaratory relief under the *Ex parte Young* exception." (Doc. 1 at 5.) An *Ex

19   parte Young* claim in this context would have to be brought against "the President, Chair,

20   or other members of ABOR in their official capacities." *Id.* at 865. Normally the court

21   would grant leave to amend for Doria to name a proper defendant. But doing so would be

22   futile because his claims fail regardless of the named defendant.

23       False advertising under the Lanham Act requires the plaintiff "allege commercial

24   injury based upon a misrepresentation about a product, and also that the injury was

25   'competitive,' i.e., harmful to the plaintiff's ability to compete with the defendant." *Barrus

26   v. Sylvania*, 55 F.3d 468, 470 (9th Cir. 1995). In other words, the Lanham Act creates a

27   cause of action "for competitors, not consumers." *POM Wonderful LLC v. Coca-Cola Co.*,

28   573 U.S. 102, 107 (2014). Doria is not a competitor of ABOR and therefore cannot sue for

false advertising under the Lanham Act, regardless of who is named as a defendant.

Doria's other claims are that ABOR violated and continues to violate his constitutional rights by making false or misleading statements regarding "free tuition." Even assuming such statements regarding "free tuition" are false or misleading, the statements do not violate Doria's constitutional rights. "The Free Speech Clause restricts government regulation of private speech; it does not regulate government speech." *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 467 (2009). So Doria's rights under the First Amendment are not infringed by allegedly-false advertisements. As for Doria's rights under the Fourteenth Amendment, there are very limited situations where a false statement by a government actor might be actionable. *See, e.g.*, *Humphries v. Cnty. of Los Angeles*, 554 F.3d 1170, 1186 (9th Cir. 2008), *rev'd on other grounds by Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29 (2010) ("being falsely named as a suspected child abuser on an official government index" is actionable). False statements regarding tuition costs are not such a situation.

The current defendant cannot be sued in federal court and amending to include proper defendants would be futile. The complaint is dismissed without leave to amend.

Accordingly,

**IT IS ORDERED** the Application (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** the complaint (Doc. 1) is **DISMISSED WITHOUT LEAVE TO AMEND**. The Clerk of Court shall enter a judgment of dismissal without prejudice and close this case.

**IT IS FURTHER ORDERED** the Motion to Allow Electronic Filing (Doc. 4) is **DENIED AS MOOT**.

Dated this 23rd day of October, 2025.

**Honorable Krissa M. Lanham**
**United States District Judge**

- 3 -